VIJAY K. TOKE (CA Bar No. 215079)
(vijay@cobaltlaw.com)
SHABNAM MALEK (CA Bar No. 240087)
(shabnam@cobaltlaw.com)
AMANDA R. CONLEY (CA Bar No. 281270)
(amanda@cobaltlaw.com)

COBALT LLP
918 Parker Street, Bldg. A21
Berkeley, CA 94710
Telephone: (510) 841-9800
Facsimile: (510) 295-2401

Attorneys for Plaintiff
NOODLES RAW CATERING LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOODLES RAW CATERING LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAISON GROUP LLC, <br><br> Defendant. | Case No.: 3:15-cv-316 <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND CYBERSQUATTING** |

Plaintiff Noodles Raw Catering LLC ("Noodles Raw Catering" or "Plaintiff"), owner of the common law service mark CHUBBY NOODLE, brings this action to enjoin the unauthorized and infringing use of the confusingly similar name "Fat Noodle" ("Defendant's Name") by Saison Group LLC ("Defendant") to identify its soon-to-open San Francisco eatery. Noodles Raw Catering seeks permanent injunctive relief and damages under the laws of the United States and the State of California and alleges on actual knowledge as to itself and its own acts, and on information and belief as to all other matters, as follows:

## NATURE OF ACTION

1.     This is an action for common law trademark infringement, false designation of origin and unfair competition, and trafficking in a domain name confusingly similar to a trademark arising

---

under section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a), 1125(d) (False Designation of Origin, unfair competition, Cybersquatting), and unfair competition arising out of Cal. Bus. & Prof. Code § 17200 and California common law.

2.    Counts I and II of this Complaint allege that Defendant has infringed and/or is taking steps to open a restaurant under a name that infringes Noodles Raw Catering's CHUBBY NOODLE service mark and has engaged in unfair competition pursuant to 15 U.S.C. § 1125(a) and under the common law.

3.    Count III of this complaint alleges that Defendant has trafficked in a domain name confusingly similar to a trademark (cybersquatting) pursuant to 15 U.S.C. § 1125(d.)

4.    Count IV of this Complaint alleges that Defendant's actions amount to unfair business practices under Cal. Bus. & Prof. Code § 17200 and under the common law.

### PARTIES

5.    Plaintiff is a California limited liability company formed on or about March 22, 2011, with its principal place of business at 1295 30th Ave., San Francisco, California 94122.  Plaintiff, directly and/or through its subsidiaries or related entities, has done and is doing business in this District.  Plaintiff, directly and/or through its subsidiaries or related entities, advertises and operates a well-respected and loved local eatery serving various Asian-inspired dishes, including but not limited to noodle dishes.

6.    Plaintiff, directly and through its licensee, Chubby Marina LLC, uses its mark in San Francisco, California in connection with restaurant services.

7.    On information and belief, Defendant is a California limited liability company formed on or about August 27, 2012, with its principal place of business at 760 Market Street, Suite 710, San Francisco, California 94102. On information and belief, Defendant, directly or through a subsidiary, is doing business in this District.

8.    On information and belief, and as further alleged below, Defendant is currently building out and making other preparations to open a restaurant under the infringing name "Fat Noodle."  Defendant is currently marketing and promoting the restaurant.

**JURISDICTION**

9.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1367, and 1338 and 15 U.S.C. §§ 1116 and 1125.

10.     The Court has personal jurisdiction over Defendant because Defendant transacts business and/or is planning on transacting business within the Northern District of California. Defendant, directly and/or through its subsidiaries, agents, or related entities, has advertised the launch of its restaurant using the infringing name "Fat Noodle" to California consumers.  Moreover, on information and belief, Defendant, itself or through its affiliates, agents, or employees, has registered the domain www.fatnoodle.com ("Defendant's Website") to advertise and promote its restaurant services.  This domain is registered with a domain name registrar that operates an office and does business in this District.  California consumers who see Defendant's restaurant and the advertising and publicity for Defendant's restaurant are likely to confuse Defendant's restaurant for Plaintiff's or believe that both restaurants originate from the same source or are otherwise affiliated.

11.     Defendant is engaged in, and its activities substantially effect, interstate trade and commerce and California consumers.

12.     The Court has personal jurisdiction over Defendant because the acts that are the subject of this Complaint were committed and will continue to be committed by Defendant, directly and/or through its subsidiaries, agents, or related entities, in the State of California.  Defendant is also based and doing business in this judicial district, has substantial contacts with the State of California, and is purposefully availing itself of the laws of the State of California.  Exercising personal jurisdiction over Defendant is therefore fair and proper.

**VENUE**

13.      Venue is proper in this judicial district pursuant to §28 U.S.C. 1391(b), as both Defendant and Plaintiff reside in this District, and the infringing acts alleged herein occurred, and will continue to occur, with this District.

/ / /

/ / /

**INTRADISTRICT ASSIGNMENT**

14.     Pursuant to Civil L.R. 3-2(c) and General Order No. 44, this case is properly assigned to any division of this Court, except that pursuant to Civil Local Rules 3-2(g) and 73-1, Plaintiff does not consent to assignment to a Magistrate Judge residing in the Eureka Division.

**FACTUAL ALLEGATIONS**

15.     Plaintiff owns Chubby Noodle, a well-respected and popular eatery in San Francisco.

16.     In or about the summer of 2011, Plaintiff's founder was already running another highly successful restaurant in the North Beach area of San Francisco.  At that time, Plaintiff's founder conceived of a high-quality, well-priced Asian-inspired restaurant that he intended to open in the same area of San Francisco.  Plaintiff's founder came up with the distinctive mark CHUBBY NOODLE to identify the restaurant.  At first, Plaintiff decided to open the restaurant out of the premises of an existing bar called Amante.  Plaintiff opened its CHUBBY NOODLE restaurant on or about September 9, 2011.  Plaintiff's CHUBBY NOODLE restaurant in North Beach is advertised and promoted under the CHUBBY NOODLE mark and logo at the Amante bar website, located at www.amantesf.com.  A true and correct copy of the home page of this website, prominently displaying the CHUBBY NOODLE mark and logo, is attached hereto as Exhibit A.

17.     Plaintiff's CHUBBY NOODLE restaurant was an immediate hit.  Patrons lined out the door for Plaintiff's fresh, innovative, well-priced Asian-inspired cuisine. Plaintiff's CHUBBY NOODLE restaurant garnered instant attention in the San Francisco food scene, being featured in various locally and nationally followed media outlets, including *Eater SF*, *SF Gate*, *The SF Examiner*, *7X7 Magazine*, *Tablehopper*, *Tasting Table*, *Chow Hound*, and *Foodspotting*.  A representative sample of this press and social media coverage of Plaintiff's first CHUBBY NOODLE restaurant location is attached as Exhibits B to P hereto.

18.     In or about May 2014 Plaintiff, through its licensee, opened a second location for its CHUBBY NOODLE restaurant in the trendy Marina District of San Francisco at a highly-trafficked intersection.  Plaintiff's second location, too, garnered significant press coverage and was featured in, amongst other places, *The Inside Scoop*, *Tablehopper*, *SF Bay Guardian*, *Grub Street*, *Zagat*, *Urban Daddy*, and others.  To date, Plaintiff's CHUBBY NOODLE restaurants have been featured in at

least 75 articles in various media and have reached a national, if not international, audience. Plaintiff does not own a federal registration for its CHUBBY NOODLE mark but has an application for the mark pending at the United States Patent and Trademark Office (USPTO Serial No. 86412749).

19.     Plaintiff, directly and/or through its subsidiaries or related entities, has operated and continues to operate a website located at the domain www.chubbynoodle.com ("Plaintiff's Website") since in or about 2013.  Beginning on or around late 2013 and on an ongoing basis Noodles Raw Catering, directly and/or through its licensee, has advertised and continues to advertise its restaurant services on Plaintiff's Website using the mark CHUBBY NOODLE.  A true and correct copy of the home page for Plaintiff's Website is attached hereto as Exhibit Q.

20.     Defendant's founders formed the company in or about August 2012 and, on information and belief, knew or should have known at that time of Plaintiff's senior use of the CHUBBY NOODLE mark.  As alleged, by that time Plaintiff had garnered significant press coverage about its CHUBBY NOODLE restaurant.  In a city marked by an incredibly competitive, internationally-known restaurant scene, such media coverage is coveted and religiously followed by those in the restaurant industry.  Based on this coverage, coupled with the fact that Plaintiff's principal has been known in the San Francisco food scene for many years for other highly successful restaurants, on information and belief, Defendants were well aware of Plaintiff's senior and well-recognized CHUBBY NOODLE mark by mid 2012.

21.      Despite this knowledge of Plaintiff's use of the CHUBBY NOODLE mark since at least as early as September 2011, Defendants filed an intent-to-use application with the United States Patent and Trademark Office (USPTO) for the confusingly similar mark FAT NOODLE for restaurant services in International Class 43 on October 11, 2012.

22.     Defendant's application received a Notice of Allowance from the USPTO on May 28, 2013.  Defendants allowed the application to be abandoned on December 30, 2013.  By that time Plaintiff's forthcoming new location in the Marina District had received prominent media attention in *SF Gate*, a well-known website operated by the *San Francisco Chronicle*, and *SF Racked,* a popular site for the discussion of San Francisco foodie scene restaurants.  See Exhibits O and P attached hereto.  In fact, the referenced *SF Racked* article, which was published on or about February 22, 2013

and discussed Plaintiff's much-anticipated expansion into the Marina District, began with a discussion of a well-known restaurant owned by some of the founders of Defendant and even included Defendant's SAISON restaurant name in the title. On information and belief, Plaintiff therefore asserts that Defendant knew or should have known of Plaintiff's use of the CHUBBY NOODLE mark very well by December 30, 2013. Despite this knowledge of Plaintiff's senior use of the CHUBBY NOODLE mark, Defendant sought to revive its trademark application on January 6, 2014. The application received another Notice of Allowance on March 18, 2014. Since then, Defendant filed its first (and only to date) extension of time to show use of its mark on August 18, 2014.

23.     Also despite knowledge of Plaintiff's senior rights to the mark CHUBBY NOODLE mark, in or about 2013 Defendant, through its agents, affiliates, employees, and/or other representatives, registered the infringing domain name www.fatnoodle.com ("Defendant's Website"). Though Defendant's Website appears to currently be only a placeholder page, it uses a logo that, like Plaintiff's logo for its CHUBBY NOODLE restaurant, features a simple, black, Asian-style bowl with noodles:





24.     On information and belief, on or about August 2014 Defendant began promoting the upcoming opening of its restaurant under the infringing FAT NOODLE name. Defendant's plan to open its restaurant under the infringing name was featured in an article in *SFist*, a copy of which is attached as Exhibit R. Notably, the article specifically pointed out that Fat Noodle was not to be confused with the CHUBBY NOODLE restaurant, a telling example of the obvious similarity

between the marks at issue here.  As another example of the similarity between the marks, a simple Google search for "fat noodle san francisco" yields Plaintiff's CHUBBY NOODLE restaurants near the top of the native results.  See Exhibit S for a true and correct copy of the results of such a search on Google. Similarly, a search for "fat noodle" on Yelp, the popular business ratings and reviews website, lists Plaintiff's CHUBBY NOODLE restaurants as the top two results. See Exhibit T for a true and correct copy of the results of such a search on Yelp.

25.     Subsequent to this article Plaintiff contacted counsel for Defendant to explore the possibility of an amicable resolution of the matter.  These attempts by Plaintiff to resolve this dispute without judicial intervention were unsuccessful.

26.     Moreover, on information and belief, Defendant, itself or through its affiliates, agents, or employees, has used Defendant's Website to advertise and promote its restaurant services.  The second-level domain name portion of the <www.fatnoodle.com> domain, which incorporates Defendant's FAT NOODLE name, is confusingly similar to Plaintiff's CHUBBY NOODLE trademark.

27.     Defendant also registered a Facebook page, as well as the Twitter handle @EatFatNoodle, for its infringing FAT NOODLE restaurant, where it is actively marketing and promoting its restaurant in anticipation of its impending opening.  True and correct copies of the first page of Defendant's FAT NOODLE Facebook page and Twitter feed are attached hereto as Exhibits U and V.

28.     A subsequent article confirming Defendant's plans to open its restaurant under the infringing FAT NOODLE name was published in *SF Gate* on January 2, 2015.  A true and correct copy of this article is attached as Exhibit W.

29.     The mark FAT NOODLE is confusingly similar in meaning and appearance to Plaintiff's mark CHUBBY NOODLE. The word FAT is a synonym of the word CHUBBY in Plaintiff's mark. And the only additional word in both marks—NOODLE—is identical.

30.     Consumers are likely to believe the restaurants are related, as it is common practice to use similar names for related restaurants. For example, the owners of the San Francisco restaurant NOPA opened a Mexican restaurant nearby called NOPALITO. The owners of San Francisco's

SLANTED DOOR restaurant call their smaller, casual dining restaurants OUT THE DOOR. BURMA SUPERSTAR restaurant's sister establishment is called B STAR. The owners of the San Francisco BEACH CHALET Brewery and Restaurant opened PARK CHALET Garden Restaurant nearby. And the owners of PERBACCO restaurant in San Francisco call their casual trattoria next door BARBACCO. In light of this regular practice of restaurant naming, consumers are likely to believe that CHUBBY NOODLE restaurant and FAT NOODLE restaurant also originate from the same source.

31.     Defendant adopted a confusingly similar name to Plaintiff's, and other similar source identifiers, despite knowledge of Plaintiff's significant, well-publicized prior use and associated goodwill, to unlawfully misappropriate and infringe Plaintiff's rights to its mark. Defendant's infringing acts constitute willful infringement.

## COUNT I
## COMMON LAW TRADEMARK INFRINGEMENT

32.     Plaintiff realleges and incorporates each of the allegations in the preceding paragraphs of this Complaint by reference as if fully set forth herein.

33.     Noodles Raw Catering has established strong common law rights in its highly distinctive mark CHUBBY NOODLE through extensive and continued use of the mark, directly and/or through its subsidiaries or related entities, in connection with two restaurant locations in San Francisco since at least as early as 2011.

34.     Defendant, directly and/or through its subsidiaries or related entities, has without Plaintiff's authorization or consent publicized the infringing name "Fat Noodle" in connection with advertising for restaurant services and is preparing to launch a restaurant with that name in the city of San Francisco.

35.     The Parties' services are identical—they both offer Asian-inspired cuisine, partially focused on noodles.

36.     Defendant's proposed restaurant name "Fat Noodle" is identical in meaning and similar in commercial impression to Plaintiff's mark CHUBBY NOODLE.

37.     Defendant's logo, visible on its website located at www.fatnoodle.com, is similar to Plaintiff's logo in that they both incorporate a stylized bowl with noodles in the bowl.  These similar elements, coupled with the synonymous marks, further underscore the similarities between the two companies, and is likely to cause consumer confusion.

38.     Given the high degrees of similarity between the marks, the identity of the services, trade channels, relative price points, and target customers, consumers are likely to confuse Plaintiff's and Defendant's restaurants as to source, affiliation, or sponsorship.

39.     Accordingly, Defendant's acts alleged herein infringe Noodles Raw Catering's exclusive common law trademark rights in its CHUBBY NOODLE mark.

40.     If not enjoined, Defendant's common law infringement of Plaintiff's CHUBBY NOODLE trademark will cause irreparable and continuing harm to Noodles Raw Catering's CHUBBY NOODLE mark, its business, reputation, and goodwill, for which Noodles Raw Catering has no adequate remedy at law.

41.     As a result of Defendant's acts alleged herein, Noodles Raw Catering has incurred damages in an amount to be proven at trial consisting of, among other things, the diminution in value and goodwill associated with its CHUBBY NOODLE mark, lost sales, and Defendant's profits attributable to the infringement, all in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment in its favor as set forth below.

## COUNT II

## FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION, 15 U.S.C. § 1125(a)

42.     Plaintiff realleges and incorporates herein by reference the previous paragraphs of this Complaint as if fully set forth herein.

43.     Noodles Raw Catering, directly and/or through its licensee, has properly used its CHUBBY NOODLE mark in connection with its restaurant services in commerce regulated by Congress since at least as early as 2011.

44.     Defendant's wrongful use, directly and/or through its subsidiaries or related entities, of the infringing name "Fat Noodle" currently in advertising for its restaurant services and its planned use of the same in connection with restaurant services constitutes trademark infringement and is

causing or likely to cause confusion, mistake, and deception of the public as to (a) the affiliation, connection, or association of Defendant with Noodles Raw Catering and/or (b) the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

45.     The foregoing acts all constitute trademark infringement and false designation of origin under The Lanham Act, 15 U.S.C. § 1125(a).

46.     As a result of Defendant's acts alleged herein, Plaintiff has incurred damages in an amount to be proven at trial, consisting of, among other things, the diminution in value and goodwill associated with CHUBBY NOODLE mark, lost sales, and Defendant's profits attributable to the infringement.

47.     Because the infringement alleged herein was, and remains, intentional, willful, malicious, and done with full knowledge of Plaintiff's CHUBBY NOODLE mark and restaurant, with the intent to trade on the goodwill therein and cause consumer confusion and deception, this action constitutes an exceptional case within the meaning of 15 U.S.C. § 1117.  Accordingly, Plaintiff is entitled to exemplary damages, attorneys' fees, costs, and pre-judgment interest as authorized by the Lanham Act.

48.     Plaintiff is entitled to a permanent injunction pursuant to 15 U.S.C. § 1116.

WHEREFORE, Plaintiff prays for relief and judgment in its favor as set forth below.

## COUNT III

## CYBERSQUATTING, § 15 U.S.C. 1125(d)

49.     Plaintiff realleges and incorporates each of the allegations in the preceding paragraphs of this Complaint by reference as if fully set forth herein.

50.     Noodles Raw Catering owns common law rights for the mark CHUBBY NOODLE for use in connection with restaurant services.

51.     Plaintiff also owns a registration for the domain <www.chubbynoodle.com>, which is accessible in the United States and worldwide.

52.     Plaintiff, directly and/or through its subsidiaries or related entities, has operated and continues to operate a website located at this domain in or about 2013.  Beginning on or around late

2013 and on an ongoing basis, Noodles Raw Catering, directly and/or through its licensee, has advertised and continues to advertise its restaurant services on Plaintiff's Website using the mark CHUBBY NOODLE.

53.    Defendant, directly and/or through its subsidiaries, related entities, agents, employees, and/or partners, owns a registration for the domain <www.fatnoodle.com>, which is accessible in the United States and worldwide.  On information and belief, Defendant plans to operate a fully-functioning website located at this domain to advertise and promote restaurant services that compete directly with Noodles Raw Catering's CHUBBY NOODLE restaurants under the infringing FAT NOODLE name.

54.    Upon information and belief, Defendant, directly and/or through its subsidiaries, related entities, agents, employees, and/or partners, registered the domain where Defendant's Website is accessed in bad faith.

55.    Upon information and belief, Defendant has a bad faith intent to profit from the registration and use of the domain <www.fatnoodle.com> by creating an association with Plaintiff's CHUBBY NOODLE mark and CHUBBY NOODLE restaurant that implies that Defendant's soon-to-open restaurant is sponsored, endorsed by, or otherwise affiliated with Plaintiff.

56.    The second-level domain name portion of the <www.fatnoodle.com> domain is confusingly similar to Plaintiff's CHUBBY NOODLE trademark. Defendant, directly and/or through its subsidiaries, related entities, agents, employees, and/or partners, uses the term "fat" which is identical in meaning to Plaintiff's term "chubby".  The only additional word "noodle" is identical.

57.    Defendant, too, uses a logo confusingly similar to Plaintiff's.  Both feature a similar motif comprising an Asian-styled bowl with noodles.

58.    On information and belief, Defendant's choice of confusingly similar terms and logos in its domain name and website was intentional, in bad faith, and aimed at confusing consumers into thinking they had reached Plaintiff's restaurant's website when in fact they had reached Defendant's Website.

59.    Defendant's acts directly, through, and/or in conjunction with their subsidiaries, related entities, agents, employees, and/or partners, affiliate companies, and/or their licensees as

alleged herein, are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

60.     If not enjoined, Defendant's registration, ownership, and operation of a website at a domain name that is confusingly similar to Plaintiff's CHUBBY NOODLE mark will cause irreparable and continuing harm to Noodles Raw Catering, its business, reputation, and the goodwill it has developed in its mark, for which Plaintiff has no adequate remedy at law.

61.     As a result of Defendant's acts alleged herein, Plaintiff has incurred damages in an amount to be proven at trial consisting of, among other things, the diminution in value and goodwill associated with its CHUBBY NOODLE mark, lost sales, and Defendant's profits attributable to the infringement, all in an amount to be proven at trial.  Plaintiff also reserves its right to elect to recover statutory damages under 15 U.S.C. § 1117 at or after trial, or by such other date as the Court requires.

62.     The registrar of Plaintiff's domain is located in this District.  As a result of Defendant's acts as alleged in this complaint, Plaintiff is also entitled to a transfer to Plaintiff of Defendant's <www.fatnoodle.com> domain, as authorized by 15 U.S.C. § 1125(d)(1)(C).

WHEREFORE, Plaintiff prays for relief and judgment in its favor as set forth below.

## COUNT IV

## UNFAIR COMPETITION, CAL. BUS. & PROF. CODE § 17200 AND COMMON LAW

63.     Plaintiff realleges and incorporates each of the allegations in the preceding paragraphs of this Complaint by reference as if fully set forth herein.

64.     Defendant's acts, as alleged above, constitute unlawful and/or unfair business practices in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.

65.     Defendant's acts are unlawful and/or unfair under the UCL because Defendant's use of the infringing name "Fat Noodle" to identify its restaurant in the same geographic area where Plaintiff operates two CHUBBY NOODLE restaurants is misleading and is likely to confuse consumers as to the source, origin, or affiliation of Defendant's services, and to dilute the distinctiveness and/or tarnish the image of the Noodles Raw Catering CHUBBY NOODLE mark. Further, as alleged above, Defendant's acts were willful.

66.    As a direct and proximate result of Defendant's statutory unfair competition, Defendant has been unjustly enriched in an amount to be determined at trial.

67.    Defendant's acts of unfair competition in the State of California have caused Noodles Raw Catering irreparable injury.  Noodles Raw Catering is informed and believes that unless such conduct is enjoined by this Court, Defendant will continue to expand those activities to the continued irreparable injury of Noodles Raw Catering. This injury includes a reduction in the distinctiveness of the Noodles Raw Catering's CHUBBY NOODLE mark and injury to Noodles Raw Catering's reputation that cannot be remedied through damages, for which Noodles Raw Catering has no adequate remedy at law. Noodles Raw Catering is entitled to a permanent injunction restraining and enjoining Defendant and Defendant's agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the infringing name "Fat Noodle," or any colorable imitation thereof.

WHEREFORE, Plaintiff prays for relief and judgment in its favor as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows as to Defendant with respect to each claim for relief:

1.    An adjudication that Defendant has willfully and in bad faith infringed Plaintiff's CHUBBY NOODLE mark under the common law;

2.    An adjudication that Defendant is liable for false designation of origin and unfair competition in violation of 15 U.S.C. §1125(a);

3.    An adjudication that Defendant is liable for cybersquatting under 15 U.S.C. §1125(d);

4.    A grant of permanent injunction enjoining Defendant and each of its agents, servants, employees, principals, officers, attorneys, successors, assignees, and all those in active concert or participation with Defendant, including related individuals and entities, customers, representatives, marketing and advertising agencies, dealers, suppliers, agents, officers, employees, and distributors from:

A.    Further infringing Plaintiff's CHUBBY NOODLE mark used in connection with restaurant services or related goods or services, under the name "Fat Noodle" or

any confusingly similar trademark, service mark, name, term, or designation in any manner or place worldwide, including through Defendant's website <www.fatnoodle.com> or any URL with a confusingly similar name;

B.      Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of any of Plaintiff's trademarks or of Plaintiff's rights in, or to use or to exploit said trademarks, or constituting any injury to or dilution of any of Plaintiff's names, reputation, or goodwill;

C.      Secreting, destroying, altering, removing, or otherwise using its infringing advertising and promotional materials or any records that may contain any information relating to the developing, producing, selling, marketing, offering for sale, advertising, and/or promoting of any and all restaurants infringing any of Plaintiff's marks; and

D.      Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon any of Plaintiff's trademarks.

E.      Effecting assignments or transfers, forming new entities or associations or using any other device with the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs a through d;

5.      Directing that Defendant delivers for destruction all infringing promotional materials and related advertisements, labels, signs, prints, packages, wrappers, and receptacles in its possession or under its control bearing names or marks identical or similar to Plaintiff's mark or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof;

6.      Directing that Defendant transfer the domain <www.fatnoodle.com> to Plaintiff;

7.      Directing that Defendant expressly abandon its intent-to-use trademark application (Serial No.85752241) to register with the USPTO the mark FAT NOODLE;

8.      Directing that Defendant report to this Court within thirty (30) days after a Permanent Injunction is entered to show its compliance with paragraphs 2 through 7 above;

9.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that Plaintiff authorized or is related in any way to any services offered, sold, or otherwise promoted by Defendant;

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND CYBERSQUATTING

10.      Directing that Defendant provide an accounting of all damages sustained by Plaintiff as a result of Defendant's acts alleged herein;

11.      Awarding to Plaintiff from Defendant's willful acts alleged herein three times its damages therefrom and three times Defendant's profits therefrom, after an accounting, pursuant to 15 U.S.C. §§ 1125(a) and 1117;

12.      Awarding to Plaintiff actual damages sufficient to compensate Plaintiff for Defendant's acts of trademark infringement, together with prejudgment interest;

13.      Awarding Plaintiff's costs of suit, reasonable attorneys' fees, and disbursements in this action pursuant to 15 U.S.C. § 1117, or as otherwise permitted by law, due to the exceptional nature of Defendant's acts in this case;

14.      Awarding punitive damages to Plaintiff for Defendant's willful acts of unfair competition under Cal. Bus. & Prof. Code § 17200 and under the common law; and

15.      Any further relief that this Court deems just and proper.

DATED: January 22, 2015                    COBALT LLP


By:   /s/  Vijay K. Toke_____
          Vijay K. Toke

          Attorneys for Plaintiff
          NOODLES RAW CATERING LLC


## JURY DEMAND

Plaintiff demands a trial by jury for all claims for relief herein on all issues that are properly triable to a jury.

DATED: January 22, 2015                    COBALT LLP


By:   /s/  Vijay K. Toke_____
          Vijay K. Toke

          Attorneys for Plaintiff
          NOODLES RAW CATERING LLC

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND CYBERSQUATTING