NATE A. GARHART (CA Bar No. 196872)
(nate@cobaltlaw.com)
VIJAY K. TOKE (CA Bar No. 215079)
(vijay@cobaltlaw.com)

COBALT LLP
918 Parker Street, Bldg. A21
Berkeley, CA 94710
Telephone: (510) 841-9800
Facsimile: (510) 295-2401

Attorneys for Plaintiff
NOODLES RAW CATERING LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| NOODLES RAW CATERING LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAISON GROUP LLC,<br><br>Defendant. | Case No.: 5:15-cv-00316-PSG<br><br>**NOODLES RAW CATERING LLC'S CASE MANAGEMENT STATEMENT** |

Plaintiff Noodles Raw Catering LLC submits this CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.  Plaintiff submits this statement on its behalf only as Defendant has not yet filed a responsive pleading in this case.

1. <u>Jurisdiction and Service</u>

As a preliminary matter, Defendant was served with the complaint on January 28, 2015. Since that time the parties have actively engaged in fruitful settlement discussions.  The parties have agreed to an extension of time for Defendant to respond to the complaint.  At this time, the parties have reached a settlement and have fully negotiated the language of a settlement agreement except as to one remaining item in dispute, which they are actively working to resolve.

This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. Sections 1331, 1338(a), and 1338(b).  The Court may exercise jurisdiction over Plaintiff's unfair competition claim under 28 U.S.C. Section 1367.  Venue is proper in this District under 28 U.S.C. Section 1391 because the parties conduct business within this District, the alleged infringement arose within this District, and all parties were subject to personal jurisdiction in this District at the time this action was commenced.

Plaintiff reserves its right to add additional parties as needed after conducting discovery, but states that no parties remain to be served at this time.

2. <u>Facts</u>

Plaintiff has operated a successful chain of restaurants—currently with two locations—in San Francisco under the mark CHUBBY NOODLE since 2011.  In late 2012, Defendant filed an intent-to-use trademark application with the USPTO for the mark FAT NOODLE.  In or about September, 2014 Defendant began marketing its to-be-opened restaurant under the name FAT NOODLE, including from the domain name www.fatnoodle.com.  Plaintiff contacted Defendant and attempted to resolve the matter informally, but the parties were unable to do so.  Plaintiff therefore filed and served this action.

3. <u>Legal Issues</u>

- Whether Defendant's name FAT NOODLE infringes Plaintiff's CHUBBY NOODLE mark.
- Whether Defendant's trademark application for the name FAT NOODLE should be abandoned
- Whether Defendant's adoption and use of the domain name www.fatnoodle.com constitutes cybersquatting
- Whether Defendant's www.fatnoodle.com domain name should be transferred to Plaintiff

/ / /

/ / /

4. <u>Motions</u>

At this time Plaintiff does not anticipate the need for filing any motions. If Defendant is required to respond to the complaint, Plaintiff understands that Defendant reserves its right to file any motion that Defendant deems necessary or desirable to file.

5. <u>Amendment of Pleadings</u>

At this time, Plaintiff does not anticipate amending the pleadings as plaintiff expects this case will settle shortly with the parties' execution of a written settlement agreement whose language is already largely agreed upon.

6. <u>Evidence Preservation</u>

Plaintiff has taken steps to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document destruction program and any ongoing erasure of emails, voice mails and other electronically recorded materials.

7. <u>Disclosures</u>

Because Defendant has not yet appeared in this action, the parties have not engaged in a Rule 26(f) conference and have not had the opportunity to discuss the timing of initial disclosures. Plaintiff believes the Rule 26(f) conference and the exchange of initial disclosures will be unnecessary as Plaintiff anticipates that the case will settle shortly.

8. <u>Discovery</u>

Because Defendant has not yet appeared in this action, the parties have not engaged in a Rule 26(f) conference and have not had the opportunity to discuss a discovery plan. Plaintiff believes that the Rule 26(f) conference and the need to conduct discovery will be unnecessary as Plaintiff anticipates that the case will settle shortly.

9. <u>Class Actions</u>

This is not a class action.

10. <u>Related Cases</u>

Plaintiff is not aware of any related cases.

/ / /

/ / /

11. <u>Relief</u>

Plaintiff seeks damages and injunctive relief, as set forth in the complaint. Plaintiff also reserves its rights to opt for statutory damages under the Lanham Act in connection with Plaintiff's anti-cybersquatting claim for relief.

12. <u>Settlement and ADR</u>

The parties have reached a settlement as to nearly all the items in dispute between them as relates to Plaintiff's Complaint except for one item. The parties are actively working to resolve that remaining issue and have agreed on the language of a settlement agreement as to all remaining items in dispute.

13. <u>Consent to Magistrate Judge for All Purposes</u>

Plaintiff has consented to have a magistrate judge assigned to this case for all purposes.

14. <u>Other References</u>

Because Defendant has not yet appeared in this case, the parties have not discussed whether this action is suitable for reference to binding arbitration, a special master, or to the Judicial Panel on Multidistrict Litigation. However, at this time Plaintiff does not believe this action is so suitable. Plaintiff further believes that any such reference will be unnecessary as Plaintiff anticipates that the case will settle shortly.

15. <u>Narrowing of Issues</u>

Because Defendant has not yet appeared in this action, the parties have not had the opportunity to discuss a narrowing of the issues in this case.

16. <u>Expedited Trial Procedure</u>

Because Defendant has not yet appeared in this action, the parties have not discussed whether this action is suitable for an expedited trial schedule. However, at this time Plaintiff does not believe this action is so suitable. Plaintiff believes that the use of an expedited trial procedure will be unnecessary as Plaintiff anticipates that the case will settle shortly.

17. <u>Scheduling</u>

Because Defendant has not yet appeared in this case, Plaintiff does not believe discussing a schedule of deadlines is appropriate at this time.

18. <u>Trial</u>

Because Defendant has not yet appeared in this case, Plaintiff is not currently able to provide a meaningful estimate of time that will be required for trial of this matter. Plaintiff believes that a trial will be unnecessary as Plaintiff anticipates that the case will settle shortly.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

Plaintiff has filed its "Certification of Interested Entities or Persons," as required by Civil Local Rule 3-16. Because Defendant has not yet appeared in this case, it has not yet done so.

20. <u>Professional Conduct</u>

Nothing at this time.

21. <u>Other</u>

None.

DATED: May 5, 2015                     COBALT LLP


                                       By:  /s/ Vijay K. Toke
                                            Vijay K. Toke

                                       Attorneys for Plaintiff
                                       NOODLES RAW CATERING LLC

<u>CASE MANAGEMENT ORDER</u>

Based on the CASE MANAGEMENT STATEMENT & PROPOSED ORDER filed by Plaintiff on __May 5__, 2015, the Court hereby continues the Case Management Conference for this case for 60 days until __July 21__, 2015 at __10:00__ am. All related deadlines under Federal Rules of Civil Procedure 16 and 25 and applicable case management and discovery local rules and standing orders shall be continued to accord with the new conference date.

Dated: May 8, 2015                     _____
                                       Hon. Paul Singh Grewal
                                       UNITED STATES MAGISTRATE JUDGE